# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG LE, | 1:10-cv-02209-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| J. HARTLEY, | [Doc. 10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on November 29, 2010. Petitioner challenges a the California Board of Parole Hearings' October 28, 2009 denial of parole. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

On February 7, 2011, Respondent filed the instant motion to dismiss. Petitioner filed an opposition on February 18, 2011.

## DISCUSSION

I.  Procedural Grounds for Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4

1

of the Rules Governing 2254 Cases; <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

II.   <u>Failure to Present Cognizable Claim</u>

The Federal Constitution does not create a right to be conditionally released prior to the expiration of a valid sentence.  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 12 (1979).  California's parole statutes allow for release on parole unless there is "some evidence" of the inmates current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181, 1205-1206 (2008).  In <u>Swarthout v. Cooke</u>, 131 S.Ct. 859 (2011) the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement."  <u>Swarthout</u>, 131 S.Ct at 862.  Therefore, federal courts are precluded from reviewing the sufficiency of the evidence to support the parole board's decision.  <u>Id</u>.  Rather, this Court review of parole determinations is limited to whether the "minimal" procedural protections set forth in <u>Greenholtz</u> were meet, that is "an opportunity to be heard and a statement of the reasons why parole was denied."  <u>Id</u>. at 862.

In light of the Supreme Court's holding in <u>Swarthout</u>, Petitioner's challenges to the sufficiency of the evidence to support the parole board's decision are not cognizable under 28 U.S.C. § 2254.  Moreover, Petitioner received the procedural protections set forth in <u>Greenholtz</u>.  He was presented and participated in his parole consideration hearing on October 28, 2009.  (Ex. 1, to Motion to Dismiss.)  Petitioner was also advised of the reasons for the parole denial, and he received a copy of the hearing transcripts, which he submitted to the state courts and references in the instant petition.  (<u>Id</u>.)  Therefore, it is clear he received the due process protections required under <u>Greenholtz</u> and <u>Swarthout</u>.  In his opposition, Petitioner seems to suggest that this Court should reject the Supreme Court's majority holding in <u>Swarthout</u> and rely on Justice Gingsburg's concurrent holding.  There is no basis or authority for this Court to question the Supreme Court's unanimous decision in <u>Swarthout</u>.  Accordingly, the instant petition for writ of habeas corpus should be dismissed.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED; and

2. The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 9, 2011            /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE